UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

LLE ONE, LLC, *et al.*,

        Plaintiffs,

  -against-

FACEBOOK, INC.,

        Defendants.

------------------------------------ X

Case No

(Related to Civil Action 4:16-cv-06232, N.D. Cal.)

## DECLARATION OF GEOFFREY GRABER:

I, Geoffrey Graber, declare as follows:

1.     I am a partner at Cohen Milstein Sellers & Toll, PLLC. I am counsel for Plaintiff in the above-referenced matter. I submit this declaration in connection with Plaintiff's Motion to Enforce. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

2.     Discovery in *LLE ONE, LLC, et al. v. Facebook, Inc.*, 4:16-cv-06232 (N.D. Cal.) commenced on October 27, 2017, and is still ongoing.

3.     On May 22, 2018, Plaintiffs first sought information from Publicis through a Rule 45 subpoena on Publicis Communications, Inc. A true and correct copy of the proof of service of this subpoena is attached hereto as <u>Exhibit A</u>.

4.     Publicis refused to respond, and instead asserted by letter that Plaintiffs had served the wrong Publicis subsidiary, and that Publicis Communications, Inc. did not possess any responsive documents. A true and correct copy of the June 8, 2018 letter from Steven Lewis to Eric Kafka is attached hereto as <u>Exhibit B</u>. Plaintiffs asked Publicis to identify the correct entities. Publicis refused.

5. On August 16, 2018, Plaintiffs issued a set of six subpoenas to the following: (1) Helen Lin (Publicis Media's Chief Digital Office); (2) Publicis Media, Inc.; (3) Starcom MediaVest Group, Inc., (4) Zenith Media Services, Inc., (5) MediaVest Worldwide, Inc., and (6) Digitas, Inc. (collectively, "Publicis").

6. The subpoenaed Publicis entities are large advertising agencies that purchase advertisements (including Facebook video advertisements) on behalf of companies. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Through discovery, Plaintiffs found that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

7. Plaintiffs served the five Publicis entities at Publicis' offices in Manhattan on August 27, 2018. Plaintiffs also attempted to serve Ms. Lin at her Publicis office, but Publicis initially refused to accept the subpoena on her behalf.

8. On August 28, 2018, counsel for Helen Lin agreed to accept service for Ms. Lin. Plaintiffs then served Helen Lin's subpoena on August 28.

9. In the subpoenas, Plaintiffs requested production of the same six categories of documents from Ms. Lin and each Publicis entity. A true and correct copy of the request for production is attached hereto as Exhibit C.

10. The subpoenas also called for the depositions of Ms. Lin and corporate representatives from the subpoenaed entities at Plaintiffs' counsel's Manhattan offices. The subpoenas each had a return date of September 16, 2018, and requested deposition dates in October.

11. Counsel for Plaintiffs granted the Publicis entities an extension of time to respond to the subpoenas to September 26, 2018, but the Publicis entities failed to provide any written responses

to the subpoenas. Counsel for Plaintiffs then granted the Publicis entities another extension to September 28, 2018. The Publicis entities again ignored the deadline. On October 4, 2018, Counsel for Plaintiffs extended the deadline once again for the Publicis entities to respond until October 9, 2018. Once again, the Publicis entities ignored that deadline. Attached hereto as <u>Exhibit D</u> are true and correct copies of email correspondence reflecting Plaintiffs' repeated extensions granted to Publicis.

12. On October 15, 2018, Plaintiffs' counsel and counsel for Publicis had a lengthy meet and confer call concerning the subpoenas. On that call, Publicis' counsel stated that Publicis would not produce Ms. Lin, or any of the corporate representatives, for deposition. Publicis counsel explained this position by asserting that the Facebook video metrics in question "actually did not matter" to Publicis or Ms. Lin, and that Publicis' clients "really didn't care about the metric." Publicis counsel further asserted that after Facebook announced the error, Publicis and Ms. Lin simply "moved on." With regard to the document requests, Publicis counsel agreed that Publicis would provide written responses and objections to the subpoenas by October 26, 2018. On the call, Plaintiffs also agreed to limit the scope of their document requests for the time being. On October 16, 2018, Plaintiffs transmitted a letter to Publicis' counsel memorializing the conversation and agreement. A true and correct copy of that letter is attached hereto as <u>Exhibit E</u>.

13. However, the Publicis entities failed to provide any written responses—or, in fact, to contact Plaintiffs at all—by the agreed-upon date of October 26, 2018.

14. A true and correct copy of document ▮▮▮▮▮▮▮▮, produced to Plaintiffs by Defendant in the course of discovery, is attached hereto as <u>Exhibit F</u>.

15. A true and correct copy of document ▮▮▮▮▮▮▮▮, produced to Plaintiffs by Defendant in the course of discovery, is attached hereto as <u>Exhibit G</u>.

3

2413561 v1

16.     A true and correct copy of document ███████████, produced to Plaintiffs by Defendant in the course of discovery, is attached hereto as <u>Exhibit H</u>.

17.     A true and correct copy of the Fourth Amended Complaint in *LLE ONE, LLC, et al. v. Facebook, Inc.*, 4:16-cv-06232 (N.D. Cal.) is attached hereto as <u>Exhibit I</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of November 2018 in Washington, D.C.

*/s/ Geoffrey Graber*

_____

Geoffrey Graber