# EXHIBIT E

# COHENMILSTEIN

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

October 16, 2018

**Via Email**

Victoria Jepson
Steptoe & Johnson LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
vjepson@steptoe.com

Re:     *Tyler Barnett PR, LLC, et al. v. Facebook, Inc.*, 4:16-cv-06232 (N.D. Cal.)

Dear Victoria:

Thank you for our call of yesterday, October 15, 2018, regarding Plaintiffs' subpoenas directed to your clients Ms. Helen Lin, Publicis Media, Inc., and four Publicis subsidiaries and affiliates in the matter of *Tyler Barnett PR, LLC, et al. v. Facebook, Inc.*, 4:16-cv-06232 (N.D. Cal.). As I indicated during the call, we write to outline the understanding that I hope we have reached, and to confirm the contents of our conversation.

During the call, you confirmed that you would provide complete written responses and objections to the subpoenas by October 26, 2018.  Thank you for stating your position and we look forward to your response.

Furthermore, as indicated during our conversation, Plaintiffs are willing to compromise with regard to the scope of the document production as follows:

- Time Period:  Plaintiffs are willing to limit the relevant time period for the document requests to January 1, 2016 through June 30, 2017.

- Your clients will produce documents responsive to Requests Nos. 1, 2, and 3.

COHENMILSTEIN

October 16, 2018
Page 2

- With respect to Request No. 5, you will consult with your client and let us know whether any of the subpoenaed entities entered into a master services contract or any other agreement with Facebook.

- Plaintiffs will defer Request Nos. 4 and 6.

You indicated on our call that this approach seemed reasonable but would confirm with your clients.

Furthermore, we did not raise this issue on the call, but we would also expect that your clients will complete their production by November 21, 2018.  We also note that you advised us that your client is concerned about the possibility of producing documents responsive to Plaintiffs' requests that contain proprietary information or trade secrets. We advised you that the parties to this case have entered a protective order, and that the Plaintiffs would be willing to extend the protections of that protective order to your client with respect to your clients' documents. We also noted that Plaintiffs will not agree that the presence of proprietary information or trade secrets in otherwise responsive documents constitutes a valid basis for withholding production.

Please let us know by October 26, 2018, whether your clients agree to the approach outlined above.

On our call we also stated that Plaintiffs would agree to defer depositions given the lack of production and the parties' ongoing negotiations.  With regard to this issue, you stated during the call that you do not intend to produce Ms. Helen Lin for a deposition, or any representatives from the other subpoenaed entities.[1] You advised us that the information Plaintiffs seek may be found in the documents that Plaintiffs requested. You further advised us that Ms. Lin's deposition testimony would be unlikely to provide Plaintiffs with the information they seek because one of the metrics at issue in this case ("Average Duration Metrics") was not tied to billing and "actually did not matter" to Ms. Lin or Publicis.  You also confirmed to us that, after consulting with your client about this metric, Publicis' clients "really didn't care about the metric."  You stated that Ms. Lin and Publicis did not know about the Average Duration of View error prior to the public announcement by Facebook.  And, you stated that in response to the announcement, Publicis' clients were "not up in arms" about the metric error.  You said that Ms. Lin and Publicis simply learned about the error and "moved on."

We appreciate you sharing this information with us.  As I indicated during our call, we will consider the information and determine whether this impacts our position with regard to the

---

[1] You also expressed concern that Ms. Lin was served at her house.  As I indicated during our call, Plaintiffs attempted multiple times to serve Ms. Lin through Publicis, but were rebuffed.

COHENMILSTEIN

October 16, 2018
Page 3

deposition of Ms. Lin and the subpoenaed entities.

As noted above, we look forward to your written responses and objections by October 26, 2018, as well as your response to the offer outlined above by that same date.

Sincerely,

Geoffrey Graber

cc:   Eric Kafka
      Julia Horwitz
      David Stein
      Erica Entsminger