# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LLE ONE, LLC, *et al.*,<br><br>                              Plaintiffs,<br><br>-against-<br><br>FACEBOOK, INC.,<br><br>                              Defendants. | Case No. 18-mc 0503<br>(related to Civil Action 4:16-cv-06232 N.D. Cal.) |

# **FACEBOOK, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant Facebook, Inc. ("Facebook") submits the following response to the Court's Order to Show Cause ("OSC").

First, Facebook apologizes for any misunderstanding that led to the OSC. Facebook was served with the Plaintiffs' motion to compel as the Court directed, and appreciated being kept apprised, but did not understand that the Court expected Facebook to file a response, since the subpoenas at issue were directed to different entities (collectively "Publicis"), and Facebook had not been copied on or involved in Plaintiffs' and Publicis's communications concerning the subpoenas.[1]

With respect to the subpoenas themselves, Facebook respectfully requests that Publicis be spared unnecessary burden and expense in consideration of its status as a non-party whose documents have limited relevance. The underlying case is a putative class action concerning two metrics for video advertisements on Facebook. Publicis, an advertising agency, is a member of the putative class. But so far as Facebook is aware, Publicis is not interested in participating in a class represented by Plaintiffs (should one ultimately be certified), and accordingly any use by Publicis of the metrics at issue appears to have limited relevance. *See McNamara v. City of New York*, 2006 WL 3298911, Case No. 04-9612 (S.D.N.Y., Nov. 13, 2006) (noting that whether a subpoena imposes an undue burden depends on the party's need for the documents and other factors, and that "courts also give special weight to the burden on non-parties of producing documents to parties involved in litigation.") Moreover, to the extent that Plaintiffs seek documents from Publicis that Facebook also possesses, Facebook believes that obtaining such documents from a non-party is improper, and that Plaintiffs' request for these documents should

---

[1] Counsel for Facebook participated in one meet-and-confer call with Plaintiffs and Publics on November 16, 2018, but this was after the Court issued the OSC.

be subject to the discovery procedures and guidelines in the underlying case.

      Facebook would be pleased to provide any additional information that would assist the Court in resolving this matter.

                          Respectfully submitted,

                          KEKER, VAN NEST & PETERS LLP

Dated:  November 19, 2018

                By:    */s/ Elliot R. Peters*

                          ELLIOT R. PETERS - NY Bar No. 2005965
                          DAVID SILBERT - Cal. Bar No. 173128
                          (*pro hac vice application to be filed*)
                          ELIZABETH K. MCCLOSKEY - Cal. Bar No. 268184
                          (*pro hac vice application to be filed*)
                          633 Battery Street
                          San Francisco, CA 94111-1809
                          Telephone:  415 391 5400
                          Facsimile:  415 397 7188

                          Attorneys for Defendant
                          FACEBOOK, INC.