# Exhibit 2

## Julia Horwitz

**From:**       Julia Horwitz
**Sent:**       Friday, November 16, 2018 6:06 PM
**To:**         'Jepson, Victoria'
**Cc:**         Geoffrey Graber; Eric Kafka; David Stein; Aaron Blumenthal; Erica Entsminger; Geoffrey Munroe
**Subject:**    Publicis subpoenas -- follow-up to 11/16/2018 meet and confer


**Plaintiffs understand that if you file papers with the court, you will include this email as an exhibit.**

Victoria,

Thank you for meeting with us over the phone today to discuss Plaintiffs' subpoenas of Publicis and Publicis entities. On our call, you threatened to seek sanctions against us unless Plaintiffs withdraw their motion to enforce their subpoenas. Specifically, you took the position that Plaintiffs' counsel failed to meet and confer with you prior to filing the motion. We find this puzzling—as detailed in our motion, and as we discussed on our call this afternoon, we met and conferred with you for months, providing no fewer than four extensions for Publicis to respond to Plaintiffs' subpoenas. But Publicis ignored the those deadlines and only responded (in part) after Plaintiffs were forced to file a motion to enforce.  Publicis then failed to file a response to Plaintiffs' motion to enforce by the Court-imposed deadline — forcing the Court to issue an Order to Show Cause.  Having shown total disregard for the discovery process, we are disappointed that you are now threatening us with sanctions.

We should also point out that even now Publicis has failed to respond or object to Document Requests 4 or 6, nor has Publicis responded or objected to any of Plaintiffs' requests for depositions.  Accordingly, there can be no question that Publicis has fully waived any objection to those requests.

With regard to Publicis' request that Plaintiffs withdraw their motion to enforce, as we stated on the call, we are very interested in resolving these issues without involving the court.  However, any agreement to withdraw the motion must be conditioned on Publicis' express, written agreement to produce the requested materials.  Specifically, Plaintiffs are willing to withdraw their motion to enforce the subpoenas if we obtain from you **an agreement, in writing, that Publicis and the Publicis entities will do the following:**

- Provide full and complete responses to Document Requests 1, 2, 3, and 5. We expect that documents responsive to these requests would include, for example, analyses by Publicis internally or with one or more of its clients regarding the impact of the Error.

- Produce all documents regarding any remuneration made to Publicis clients in connection with the Error, whether such remuneration were made directly by Facebook or through Publicis.

- Agree that the production will include any *discussion* of remuneration made to Publicis or Publicis clients in connection with the Error, *regardless of whether any such payments were ultimately made*. (To be clear, this category of documents is called for through Document Requests 2 and 3, and is also encompassed by Document Request 1.)

- Provide complete responses to all of Plaintiffs' Document Requests, including Requests 4 and 6 (subject to further negotiations regarding scope).

- Agree to make available for deposition Helen Lin, and corporate representatives from the Publicis entities at a mutually agreeable time and place following production of the documents.

- Agree that documents **will not be withheld** on the basis of "confidentiality." As we explained on the call, we have a Protective Order entered in this case, governing the nondisclosure of documents deemed "confidential," and we would be happy to extend that Protective Order to Publicis documents, as well.

- Agree that you will not filter out documents from your production to Plaintiffs based on your contention that the documents might be in the custody or control of Facebook and therefore should not be produced. As we explained on our call today, Plaintiffs' request for information regarding any payments made to Publicis clients in connection with the Error could—and likely will—include documents exclusively in the custody or control of Publicis. For example, Facebook may have paid Publicis monies as remuneration, and Publicis may in turn have distributed that money to Publicis clients affected by the Error. Publicis' communications with its clients regarding remuneration from Facebook would not be in Facebook's custody or control. If Publicis' search for responsive information yields some documents that might also be within Facebook's custody or control, there is no reason that Publicis should spend time and resources extracting those documents from the production. (The purpose behind the principle that a third-party subpoena recipient should not be required to produce documents that could be obtained from a party is intended to relieve subpoena recipients of undue burden. In this case, where Plaintiffs' requests for information seek documents that they anticipate are **not** within Defendant's custody, any additional effort on the subpoena recipient to filter its search results would **increase** the recipient's burden, not relieve it.)

- Agree to produce the materials by a date certain.  As explained on our call, we are happy to accommodate Publicis in this regard, but we would expect production to be completed no later than December 15 (four months after service of the subpoenas).

If you are agreeable to this proposal, please respond to this email stating that Publicis agrees to the terms outlined above.  We look forward to your response.

**Julia Horwitz**
Associate

COHEN MILSTEIN

**Cohen Milstein Sellers & Toll PLLC**

1100 New York Ave. NW  | Fifth Floor
Washington, DC 20005

phone 202.408.4600  | direct 202.408.3633
fax 202.408.4699

**website**  | **map**

**Powerful Advocates. Meaningful Results.**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*