

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

December 7, 2018

The Honorable Jesse Furman
United States District Court for the Southern District of New York
Courtroom 1105
40 Foley Square
New York, NY 10007

Re:   LLE One, LLC, et al. v. Facebook, Inc.

Dear Judge Furman:

    The Non-Party subpoena recipients[1] and Facebook, Inc. submit this joint letter brief in support of the continued sealing of certain information and exhibits filed with the Court by LLE One, LLC ("LLE One"). Facebook is currently a defendant in a class action lawsuit filed against it by LLE One in federal court in California. On November 2, 2018, LLE One filed a motion to enforce subpoenas served on Non-Parties (the "Motion"). In support of its Motion, LLE One filed under seal three exhibits and filed redacted versions of its Memorandum of Law and an accompanying Declaration referencing those three exhibits (collectively, the "Exhibits").[2]

    On November 7, the Court ordered letter briefs in support of any continued sealing and redactions to be filed within three business days of the Court's ruling on the pending Motion. The Court ruled on the Motion at a hearing on December 4, 2018 and ordered the parties to file any papers in support of continued sealing at the same hearing.

    As explained below, the Exhibits currently redacted or under seal should remain so because they contain private, sensitive business information, some of which this Court already determined can remain under seal. Moreover, because the Court announced that it did not consider the Exhibits when deciding the Motion, the Exhibits are not considered "judicial documents," and thus no presumption of public access even applies. Even if a presumption of access did apply, it would be outweighed by the privacy interests of Facebook and Non-Parties.

---

[1] The subpoenaed entities are Helen Lin, Publicis Media, Starcom MediaVest Group, Inc., Zenith Media Service, Inc., MediaVest Worldwide, Inc., and Digitas, Inc. (collectively, the "Non-Parties" and individually, each a "Non-Party").

[2] See Dkt. 2 attachments 1 (Redacted Memorandum of Law); 2 (Redacted Declaration of Geoff Graber); and, Exh. F, Exh. G, and Exh. H.

December 7, 2018
Page 2

I. **No presumption of access attaches to the documents at issue.**

At the December 4 hearing, the Court indicated that it did not consider the sealed exhibits in deciding LLE One's Motion. Consequently, these exhibits, including references to them in the Memorandum and Declaration, are not entitled to any presumption of public access and should remain sealed.

Although the Second Circuit has suggested that a presumption of access applies to "judicial documents," not all documents on the Court's docket are "judicial documents." The Second Circuit has explained, "The mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 119 (2d 2006) (citing *United States v. Amodeo*, 44 F.3d 131, 145 (2d Cir. 1995)). At the December 4, 2018 hearing, the Court indicated that it did *not* consider the three sealed exhibits in deciding LLE One's motion. Consequently, the exhibits and their contents were not "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. As a result, the documents are not considered "judicial documents" and no presumption of access attaches to them. *Compare Empire Merchants, LLC v. Merinoff*, No. 16-CV-9590 (JMF), 2018 WL 4062674, at *6 (S.D.N.Y. Aug. 27, 2018) (granting motion to seal where "the redacted information played little role in the Court's decision"); *In re Accent Delight Int'l Ltd.*, No. 16-MC-125 (JMF), 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018) ("the weight of any presumption is limited" where "the Court did not need to reference or otherwise rely on the sealed exhibits or the redacted portions of Petitioners' application and memorandum of law").

II. **The privacy interests of the Non-Parties and Facebook outweigh the presumption, if any, of access.**

Even if a presumption of public access did attach to the Exhibits, the Court must "balance competing considerations against it" including but not limited to "the privacy interests of those resisting disclosure." *Id.* at 120 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). This Court has recognized a privacy interest in "preventing the public disclosure of private business figures and communications." *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425, 445 (S.D.N.Y.), *aff'd*, 674 F. App'x 16 (2d Cir. 2016), *cert. denied*, 138 S. Ct. 221, 199 L. Ed. 2d 120 (2017).[3]

---

[3] *See also Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, No. 08-4922, 2009 WL 2778447, at *2 (2d Cir. 2009) (regulatory organization's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal because of "assertion that its competitors who do not now have this information could use it to do [the disclosing party] competitive injury.").

December 7, 2018
Page 3

The Exhibits contain confidential and proprietary information whose disclosure could injure Facebook and/or Publicis's competitive standing.

- **Exhibit F** contains confidential communications between Non-Parties and Facebook bearing upon the terms of their advertising relationship. Additionally, Exhibit F contains the personal contact information of Non-Party Ms. Lin.
- **Exhibit G** contains an internal Facebook email that describes advertising partnerships entered into between Facebook and Non-Parties as well as an identification of the number of advertising clients testing certain marketing strategies. The document itself notes that this is not public information.
- **Exhibit H** contains a list of Non-Party subsidiaries and their specific clients. At the December 4 hearing, the Court already held that this sort of information is so sensitive that Non-Parties can redact client names in its document production to LLE One. Consequently, such information should not have to be disclosed on the public docket.

These documents should all remain under seal. Exhibits F–G reveal sensitive details about Facebook's internal public relations processes, strategies for managing customer relationships, and procedures for investigating and resolving customer complaints. Disclosure of any of the information described above would harm Facebook's competitive strategy by revealing to its competitors valuable insights into how Facebook functions and the processes it uses to successfully and profitably operate its platform. For that reason, courts commonly maintain such documents under seal. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510–11 (S.D.N.Y. 2015) (sealing documents regarding "enforcement policies and investigation information"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (observing that "[d]ocuments falling into categories commonly sealed are those containing . . . marketing plans").

Exhibits F–H also reveal sensitive communications between Facebook and Non-Parties. It is well established that such communications are exempted from public disclosure because revealing those communications could "adversely [a]ffect" the business relationships of both the party and non-party, and in so doing, harm their competitive standing. *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, No. 14-CV-585 (AJN), 2017 WL 3605583, at *7 (S.D.N.Y. July 26, 2017) (sealing documents containing "sensitive communications in furtherance of a party's business relationships with non-parties"). For these reasons, Non-Parties and Facebook respectfully requests that the Court maintain Exhibits F–H under seal.

December 7, 2018
Page 4


Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

*David Silbert*

*Elizabeth McCloskey*

*Counsel for Facebook, Inc.*

STEPTOE & JOHNSON LLP

*Charles Michael*
Charles Michael
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 506-3900
    cmichael@steptoe.com


*Counsel for nonparty respondents Publicis Media, Inc.; Starcom MediaVest Group, Inc.; Zenith Media Services, Inc.; MediaVest Worldwide, Inc.; Digitas, Inc.; and Helen Lin*